**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001124
12-JAN-2015
03:46 PM**

NO. CAAP-14-0001124

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WAIANAE COMMUNITY DEVELOPMENT PROJECT ASSOCIATIONS,
by it's Board of Directors, Plaintiff/Counterclaim-
Defendant/Appellee,
v.
ROBERT K.R. QUARTERO, Defendant/Cross-Claim
Defendant/Counterclaim-Plaintiff/Appellant,
and
BANK OF HAWAI'I, Defendant/Cross-Claim Plaintiff/
Counterclaim-Plaintiff/Appellee,
and
KEHAULANI QUARTERO, CITY AND COUNTY OF HONOLULU,
Defendants/Cross-Claim Defendants/Appellees,
and
JOHN DOES 1010, JANE DOES 1-10,
DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10,
DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2612)

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
(2) DENYING ALL PENDING MOTIONS IN APPELLATE
COURT CASE NUMBER CAAP-14-0001124 AS MOOT
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal that Defendant/Cross-Claim Defendant/Counterclaim-Plaintiff/Appellant Robert Quartero (Appellant Robert Quartero) has asserted from the July 28, 2014 judgment on an order confirming the sale of foreclosed property, because Appellant Robert Quartero's September 5, 2014 notice of appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

Immediately upon entry, the July 28, 2014 judgment on the order confirming the sale of foreclosed property was appealable pursuant to Hawaii Revised Statutes (HRS) § 667-51(a)(2) (Supp. 2013), and, thus, the July 28, 2014 judgment on the order confirming the sale of foreclosed property triggered the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal. However, Appellant Robert Quartero did not file his September 5, 2014 notice of appeal within thirty days after entry of the July 28, 2014 judgment on the order confirming the sale of foreclosed property, as HRAP Rule 4(a)(1) required. Therefore, Appellant Robert Quartero's September 5, 2014 notice of appeal is untimely. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."); HRAP Rule 26(e) ("The reviewing court for good cause shown may

-2-

relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Absent a timely notice of appeal, we lack appellate jurisdiction over appellate court case number CAAP-14-0001124.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001124 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-14-0001124 are denied as moot.

DATED: Honolulu, Hawai'i, January 12, 2015.

Chief Judge

Associate Judge

Associate Judge